UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILI RASAY,
101 G. Street, S.W.
A 107
Washington DC  20006
        *Plaintiff*,

v.

PEPPERIDGE FARM INCORPORATED,
595 Westport Ave.
Norwalk, CT  06851
        *Respondent*.

Case No. _1:22-cv-00449_____

[D.C. Superior Court No. 2021 CA 004788B]

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Pepperidge Farm Incorporated ("Pepperidge Farm"), through counsel and pursuant to 28 U.S.C. §§ 1332(a) and 1446, hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

**I.     BACKGROUND**

1. On December 20, 2021, Marili Rasay ("Plaintiff" or "Rasay"), on her own behalf and on behalf of the General Public of the District of Columbia, filed a complaint against Pepperidge Farm in the Superior Court for the District of Columbia, styled *Rasay v. Pepperidge Farm Incorporated*, Case No. 2021 CA 004788B. Rasay served via personal service a copy of the summons and Complaint on Pepperidge Farm on January 19, 2022. A true and correct copy of the summons and Complaint is included in the attached Exhibit A.

2. Plaintiff sets forth two claims under the District of Columbia Consumer Protection Procedures Act ("CPPA") and generally alleges that the labeling and marketing of Defendant's golden butter crackers as being made with "butter" or "real butter" deceives consumers. (Ex. A, Summons and Complaint).

3. Plaintiff seeks various types of relief including (A) statutory or actual damages, trebled, for plaintiff, disclaiming any damages in excess of $74,000; (B) attorneys' fees; (C) an

1

injunction against the Defendant's violations of the CPPA; (D) equitable relief "in excess of $10,000"; and (E) any other relief this court deems just and proper. (Ex. A, Civil Case Cover Sheet; Complaint, Prayer for Relief.)

## II.     REMOVAL IS TIMELY

4.      Pepperidge Farm has timely removed this action within thirty (30) days of service. Rasay served the summons and Complaint to Pepperidge Farm on January 19, 2022. (*See* Ex. B, Superior Court Docket.) Notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Accordingly, Pepperidge Farm's Notice of Removal is timely because it was filed on or before February 18, 2022, within thirty days of the January 19, 2022 service date.

5.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL JURISIDICTION UNDER 28 U.S.C. § 1332(a)

6.      This Court has original jurisdiction under 28 U.S.C. § 1332(a), because this case: (i) involves citizens of different States; and (ii) the amount of controversy in this matter exceeds the sum or value of $75,000.

### A.     Diversity of Citizenship Exists

7.      Plaintiff's Complaint alleges that Rasay is a resident of the District of Columbia. (Ex. A ¶ 11.) Plaintiff is therefore a citizen of the District of Columbia for purposes of diversity jurisdiction.

8. When analyzing diversity jurisdiction, "a corporation is a citizen of its place of places of incorporation, as well as its principal place of business." *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016).

9. Pepperidge Farm is a Connecticut corporation with its headquarters and principal place of business at 595 Westport Avenue, Norwalk, Connecticut.

10. Because Plaintiff is a citizen of the District of Columbia and Defendant is a citizen of Connecticut, the complete diversity requirement of 28 U.S.C. § 1332 is satisfied.

**B.  The Amount in Controversy Exceeds $75,000.**

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.; see also 28 U.S.C. § 1446(c)(2)(A)(ii).

13. Courts analyzing the amount of controversy requirement for CPPA claims consider the value of (i) statutory damages; (ii) attorney fees; (iii) punitive damages; and (iv) the cost of an injunction. *See, e.g., Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 297 (D.D.C. 2013).

14. Plaintiff's Complaint states that plaintiff is seeking (i) "statutory or actual damages, trebled, for Plaintiff, except that she disclaims any damages in excess of $74,000," (ii) "equitable relief in excess of $10,000," and (iii) attorneys' fees. (Ex. A, Civil Cover Sheet; Prayer for Relief.)

15. Thus, the amount in controversy element is satisfied in this case for purpose of diversity jurisdiction, and solely for that purpose.

16. For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and this case is removable pursuant to 28 U.S.C. 1441(a). Removal to this Court is

appropriate because this judicial district embraces the district and division in which this case was originally pending. 28 U.S.C. § 1446(a).

## IV. SUPERIOR COURT OF THE DISTRICT OF COLUMBIA PLEADINGS AND NOTICE

17. Pursuant to § 28 U.S.C. 1446(a), a copy of the current Superior Court of the District of Columbia case docket is attached hereto as Exhibit B. A copy of all process, pleadings, and orders served upon Pepperidge Farm is attached hereto as Exhibit A. The civil cover sheet is also attached hereto as Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), Pepperidge Farm will provide written notice of the filing of this Notice to Plaintiff and a copy of this Notice will be filed with the Clerk of the Superior Court of the District of Columbia. The Notice of Filing of Notice of Removal to be filed with the Superior Court is attached hereto as Exhibit C.

## V. RESERVATION OF RIGHTS/DENIAL OF LIABILITY

19. Nothing in this Notice is intended to or should be construed as any tope of express or implied admission by Pepperidge Farm of any fact alleged by Plaintiff, of the validity or merits of any Plaintiff's claims and allegations, or of any liability for the same, each and all of which are expressly denied, or as to any type of express or implied waiver or limitation of any of Pepperidge Farm's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

20. WHEREFORE, Defendant Pepperidge Farm respectfully requests that the above-captioned action now pending in the Superior Court of the District of Columbia be removed to this United States District Court for the District of Columbia.

Dated: February 18, 2022                              Respectfully Submitted,

By: /s/ Colleen M. Campbell
Colleen M. Campbell (D.C. Bar 219082)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006
Ph. (202) 263-3413
Fax (202) 263-3300
ccampbell@mayerbrown.com

Dale J. Giali (pro hac vice forthcoming)
Keri E. Borders (pro hac vice forthcoming)
MAYER BROWN LLP
350 S. Grand Ave., 25th Floor
Los Angeles, CA 90071
Ph. (213) 229-9500
Fax (213) 625-0248
dgiali@mayerbrown.com
kborders@mayerbrown.com

*Attorneys for Defendant Pepperidge Farm Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on February 18, 2022 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

/s/Colleen M. Campbell